# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Andre L. Phillips, )
                         Movant, )
vs. ) No. 94-0033-01-CR-W-FJG
United States of America, )
                         Respondent. )

## ORDER

Pending before this Court is movant writ of error audita querela (Doc. #106), filed April 25, 2005, which seeks to attack ". . . the Judgment that was correct when rendered but is now rendered infirm by matters arising after the Judgment's rendition pursuant to the Supreme Court's recent decision" in United States v. Booker, 125 S. Ct. 738 (U.S. 2005). The Government's response in opposition was filed May 11, 2005 (Doc. #107). Movant is directed to Rule 60(b) of the Federal of Civil Procedure which abolishes writs of audita querela and further states that the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will also construe the pending motion as one for habeas relief under 28 U.S.C. § 2255. Movant filed his first § 2255 motion on August 31, 2000. The Court denied his request for relief on March 14, 2002. Thereafter on January 30, 2002, he filed an application for leave to file a second or successive motion. That request was denied by the United States Court of Appeals for the Eighth Circuit on October 31, 2002. The Government's response (Doc. #107) and the Court's record recite subsequent motions seeking relief from judgment and orders denying those motions. As a result, the pending motion must be reviewed as a second or successive § 2255 motion.

A prisoner cannot bring a second, or successive § 2255 motion unless it contains

a claim involving

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See 28 U.S.C. § 2255.

The pending motion is silent on newly discovered evidence. Instead, movant argues that the recent Booker ruling should be retroactively applied to his sentence.

For a new rule to be retroactive to cases on collateral review for purposes of a § 2255 petition, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63 (2001). "When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding." In re Anderson, 396 F.3d 1336 (11th Cir. 2005). In this regard, the Court agrees with the 11th Circuit that "[r]egardless of whether Booker established a 'new rule of constitutional law' . . . the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review." Id. "Put simply, Booker itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review." Id. Accordingly, because movant fails to make a *prima facie* showing of either of the grounds for collateral review under § 2255, his petition for relief must be dismissed.

For all the reasons stated above, it is hereby

ORDERED that movant's writ of error audita querela (Doc. #106), filed April 25, 2005, is denied.

/s/Fernando J. Gaitan, Jr.
United States District Judge

Dated:   June 16, 2005
Kansas City, Missouri

2