# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) Crim. No.  94-00033-01-CR-W-FJG | |
| ) | |
| ANDRE LEMONT PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is defendant's Motion and Amended Motion for Reconsideration (Docs. # 147,148).

On November 22, 2013, after the defendant admitted that he was guilty of violating the terms of his supervision, the Court revoked the defendant's supervised release and sentenced him to a period of 60 months confinement. On February 10, 2014, defendant filed this Motion for Reconsideration requesting that he be given credit for time spent on house arrest prior to revocation. Defendant argues that he should be given credit for the period of time from October 5, 2012, the date of the Show Cause Hearing when the Court ordered that defendant would be subject to electronic monitoring until January 6, 2014, the day he was ordered to turn himself into the designated institution. Defendant argues that the Designation and Sentence Computation Center in Grand Prairie, Texas should have given him credit for the time he was under the Court's order of house arrest. On July 25, 2014, the Court denied Phillips' motion for reconsideration because he had not exhausted his administrative remedies with the BOP. Thus, the Court had

no authority to determine whether defendant should receive credit for the time spent on house arrest.

On September 26, 2014, Phillips filed another Motion for Reconsideration, arguing that he has now exhausted his administrative remedies with the BOP and requests that the Court grant him credit for the 15 months he spent on house arrest. On February 13, 2015, Phillips filed an Amended Motion for Reconsideration, stating that his original sentence was based on a prior state court conviction which placed him in a higher criminal history category. Phillips states that he received a suspended imposition of sentence for the state court conviction and that under the Missouri statute, after completion of probation, this conviction is dismissed from his record. Phillips argues that this prior state court conviction should not have been considered in determining his criminal history category.

On June 1, 2015, the Government filed a joint response to Phillips' motions for reconsideration. The Government notes that in United States v. Michael Craddock, 593 F.3d 699, 701 (8th Cir.2010), the Court held that "the question of what constitutes a 'prior conviction' for purposes of §841(b)(1)(A) is a matter of federal, not state, law, and that a suspended imposition of sentence qualifies as such a prior conviction." With regard to Phillips' point that he should be given credit for time spent on house arrest, the Government argues that the Supreme Court in Reno v. Koray, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), held that time spent at a community treatment center while he was "released" on bail was not official detention and thus the defendant was not entitled to a credit against his sentence.

In his reply suggestion, Phillips argues that the enhancement of his sentence

2

under 21 U.S.C. § 851 was improper. In support of this assertion he cites to <u>Yale v. City of Independence</u>, 846 S.W.2d 193 (Mo. banc 1993). He states that his Missouri suspended imposition of sentence is not considered a valid conviction. In support of this claim, Phillips cites to <u>Persaud v. United States</u>, 134 S.Ct. 1023, 188 L.Ed.2d 117 (2014). As to his request for credit for time served while on house arrest, Phillips states that the <u>Reno</u> decision does not apply because he was neither released on bail or bond at the time he was ordered on house arrest at the Show Cause Hearing.

The Court will first address the issue of credit for time spent on house arrest. 18 U.S.C. § 3585(b) states:

> (b) Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) As a result of the offense for which the sentence was imposed; or
> (2) As a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The Supreme Court held in <u>Reno</u> that time spent at a community treatment center while released on bail pursuant to the Bail Reform Act of 1984 was not "official detention" within the meaning of 18 U.S.C. § 3585(b). The Supreme Court noted:

> Section 3585(b) provides credit for time "spent in official detention *prior to the date the sentence commences,*" . . .thus making clear that credit is awarded only for *presentence* restraints on liberty. Because the Bail Reform Act of 1984, 18 U.S.C. § 3141 <u>et</u> <u>seq</u>. is the body of law that authorizes federal courts to place presentence restraints on a defendant's liberty, <u>see</u> § 3142(a)(authorizing courts to impose restraints on the defendant "pending trial"); §3143(a)(authorizing courts to impose restraints while the defendant "is waiting imposition or execution of sentence"), the "official detention" language of §3585(b) must be construed in conjunction with that Act.

<u>Id</u>. 515 U.S. at 56. The Supreme Court noted that under the Bail Reform Act of 1984, a

3

federal court has two choices when dealing with defendants who have been found guilty of an offense and are awaiting imposition or execution of sentence. The court may either "release" a defendant subject to a variety of restrictive conditions or the court may issue a detention order, directing that the person be committed to the custody of the Attorney General for confinement in a corrections facility. The Supreme Court held in Reno that under the language of the Bail Reform Act, "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions, as respondent was, is 'released.'" Id. at 57.

In U.S. v. Blumberg, 961 F.2d 787 (8th Cir. 1992), defendant argued that he should be entitled to credit for time spent in "official detention" while he was on pretrial house arrest. However, the Court noted that "house arrest restrictions placed on a defendant as conditions of pretrial release do not constitute official detention within the meaning of section 3585(b)." Id. at 792. See also Davenport v. Nickrenz, No. 13-CV-690 (SRN/AJB), 2013 WL 5876947, *4 (D.Minn. Oct. 31, 2013)("home confinement with electronic monitoring was a circumstance of release, determined by the court, and outside the control of the Attorney General."); U.S. v. Harris, 318 Fed.Appx. 444, 446 (8th Cir.2009)("house arrest imposed as a condition of pre-trial release is not 'official detention' within the meaning of [18 U.S.C.] § 3585(b)"). Similarly, in Ortega v. U.S., 510 F.2d 412 (10th Cir. 1975), the Court stated, "the 'custody' contemplated by § 3568[1] relates to actual custodial incarceration. Such 'custody' does not include the time a criminal defendant is free on bond, either before or after conviction." Id. at 413. See

---

[1] "In 1984, Congress enacted § 3585(b) and altered §3568 by *inter alia*, replac[ing] the term 'custody' with the term 'official detention.' . . .In thus rewording the credit statute, however, nothing suggests that Congress disagreed with the Courts of Appeals' rule denying credit to defendants who had been released on bail." Reno, 515 U.S.50,59-60,115 S.Ct. 2021,2026,132 L.Ed.2d 46 (internal citations and quotations omitted).

4

also <u>Villaume v. U.S. Dept. of Justice</u>, 804 F.2d 498,499 (8th Cir. 1986)(same). Thus, the Court finds that because Phillips was on house arrest from October 5, 2012, the date of the Show Cause Hearing until January 6, 2014, the date he surrendered to the Bureau of Prisons, he was not in "official detention" during this time and is not entitled to credit for this period of 458 days.

In his second point, Phillips argues that his original sentence was based on an enhancement under 18 U.S.C. § 851, which was based on an invalid decision, <u>Persaud v. United States</u>, 134 S.Ct. 1023, 188 L.Ed.2d 117 (2014). Defendant states that in November 1994, he pled guilty to the sale of a controlled substance in Jackson County Circuit Court and received a suspended imposition of sentence. Defendant states that after completion of probation, this charge is dismissed and the state does not count it as a conviction. Phillips states that the conviction was improperly considered and without the conviction, his Criminal History would have been Category I instead of Category III.

The Court would note that this is the second time which Phillips has attempted to raise this issue. In Case No. 07-00055, <u>Phillips v. United States</u>, Phillips filed a 28 U.S.C. § 2255 motion arguing that the 1994 Jackson County Circuit Court conviction in Case No. 93-1539 was improperly used to increase his sentence when this conviction had been expunged from his record (Doc. # 1). The Court dismissed this case on February 8, 2007 because it was a second or successive § 2255 motion and Phillips had not sought prior authorization from the Eighth Circuit before filing this second motion. However, even if this argument had been considered on the merits, Phillips would not have been entitled to be placed in a lower criminal history category. In <u>United States v. Craddock</u>, 593 F.3d 699, the Eighth Circuit held that "the question of what

5

constitutes a 'prior conviction' for purposes of § 841(b)(1)(A) is a matter of federal, not state, law, and that a suspended imposition of sentence qualifies as such a prior conviction." Id. at 701(citations omitted).  See also Lindsey v. United States, No. 4:09CV00267ERW, 2010 WL 4941428, *4 (E.D.Mo. Nov. 30, 2010)("Missouri law does not control the question of what constitutes a conviction under 21 U.S.C. § 841.").

Accordingly, for the reasons stated above, the Court hereby **DENIES** Phillips' Motion and Amended Motions for Reconsideration (Docs. # 147, 148).


Date:  July 7, 2015                     **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri              Fernando J. Gaitan, Jr.
                                                           United States District Judge