# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Crim. No. 94-00033-01-CR-W-FJG |
| ANDRE LEMONT PHILLIPS, | ) ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion for Reconsideration (Docs. # 153).

On November 18, 1994, defendant was sentenced to 240 months for possession with intent to distribute cocaine base in an amount of 50 grams or more. Additionally, defendant was sentenced to a term of ten years of supervised release. The term of supervised release began on August 18, 2011. On September 14, 2012, U.S. Probation Officers conducted a search of Phillips' residence at 9316 Fairwood, Kansas City, Missouri. The following items were discovered in defendant's bedroom during the search: three digital scales, razor blades with white powder residue and several plastic sandwich baggies with the corners cut off. The white powder residue field tested as positive for cocaine. A search was also conducted of another residence located at 4324 Elmwood, Kansas City, Missouri based on defendant's previous statement that he had access to that residence. Using a key on defendant's key ring, U.S. Probation officers gained access to the Elmwood residence. Utility bills and vehicle registration forms

were found which associated Phillips with the Elmwood address.  Inside the residence were plastic sandwich baggies and surgical gloves.  Additionally, in a crawl space in the basement were four vials containing a brown liquid.  The substance field tested as positive for PCP.  Phillips was arrested and placed on an investigative hold.  A Revocation Packet was filed by the Probation office on September 21, 2012. A Show Cause Hearing was held on November 22, 2013.  During the hearing, Phillips admitted that he was guilty of violating the terms of his supervision, the Court revoked Phillips' supervised release and sentenced him to a period of 60 months confinement.

On March 11, 2016, Phillips filed his motion for reconsideration alleging that the Court erred when it sentenced him to 60 months for a Grade A probation violation.  Phillips alleges in his motion that he was never charged with possession of the four vials of PCP with the intent to distribute.  He admits that he had a digital scale in his bedroom at 9316 Fairwood Drive, but that this would only be a Grade C supervised release violation.  He admits that he had a key to the residence at 4324 Elmwood in his possession, but not the drugs which were found at that residence.  Therefore, Phillips concludes, "since I pled guilty to the violation, the Court should have sentenced me to a Grade C violation." (Doc. # 153).

On March 30, 2016, the Government filed a response to Phillips' motion for reconsideration.  The Government states that because Phillips entered a plea of guilty to this violation, he has waived any arguments concerning the factual basis for his conviction.

In his reply suggestion, Phillips states that the Kansas City, Missouri police department never charged him with possessing the four vials of PCP with the intent to

2

distribute and he was released after a twenty hour investigative hold. Moreover, Phillips states that at the Show Cause hearing, he never admitted to being in possession of drugs found at the Elmwood residence and the Court never stated that he was in possession of the drugs when it accepted the plea. Thus, he alleges that the Court committed plain error when it sentenced him to a Grade A supervised release violation.

The Sentencing Guidelines classify a Grade A supervised release violation as:

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . (ii) is a controlled substance offense . . ..
>
> USSG § 7B1.1(a)(1).
>
> A "controlled substance offense" is limited to offenses involving the "manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance), or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense."
>
> USSG §4B1.2(b) incorporated by reference in § 7B1.1, comment, (n.3).

In United States v. Schwab, 85 F.3d 326 (8th Cir. 1996), the Court stated:

> [w]e conclude that the district court properly looked to Schwab's actual conduct in determining the grade of his supervised release violation, rather than the crime to which he pleaded guilty. 'The grade of the violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's *actual conduct*.' U.S.S.G. §7B1.1 comment. (n.1); see United States v. Lee, 78 F.3d 1236, 1240 (7th Cir. 1996).

Id. at 327 (emphasis added). Similarly, in United States v. Sinkler, 555 Fed.Appx. 217 (3d Cir.), cert denied, 134 S.Ct. 1916, 188 L.Ed.2d 941 (2014) the Court stated:

> [t]he District Court may consider relevant information in sentencing, including uncharged conduct or acquitted conduct. . . .Thus, the District Court was authorized to consider conduct that constituted Grade A violations even though it did not lead to convictions in any court and was

3

>not the object of the supervised release violation on which Sinkler was
>being sentenced.

Id. at 221 (internal citations omitted).

Similar to the argument that Phillips makes, in United States v. Mendoza, 782 F.3d 1046 (8th Cir. 2015), the defendant argued that the district court had committed procedural sentencing error when it calculated the advisory guideline range based on a Grade A violation without making the specific finding that the defendant possessed marijuana with an intent to distribute it. Mendoza argued in that case that because the Court only found that he had *possessed* the marijuana, but did not find that he intended to distribute it, this should have only been a Grade B violation, which would have reduced his advisory guideline range. The Court in Mendoza found that the quantity of the marijuana, eighty-five pounds wrapped in seventy bundles, was sufficient to establish possession with intent to distribute. Id. at 1048. This evidence the Court found supported the district court's finding of a Grade A violation.

Similarly, in the instant case, Phillips argues that his possession of the scale would only be a Grade C violation and the Court erred by finding that he committed a Grade A violation. In Brooks v. United States, 772 F.3d 1122, 1123-24 (8th Cir. 2014), the Court found that scales and baggies in a vehicle suggested an intent to distribute. See also United States v. Vore, 743 F.3d 1175, 1181 (8th Cir. 2014)("the presence of cash and drug paraphernalia in the truck – an electronic scale and small Ziploc bags-further supports an inference of an intent to distribute the methamphetamine in the truck."). Thus, in the instant case, it is irrelevant that Phillips was never actually charged with a drug crime, as the Court looks to the defendant's actual conduct. In this case, Phillips was in possession of multiple scales, plastic baggies and razor blades at the Fairwood

4

residence. At the Elmwood residence which Phillips had keys to, were surgical gloves, baggies and four vials of PCP. This is ample evidence that Phillips not only possessed a controlled substance, but also had an intent to distribute a controlled substance. Thus, there was sufficient evidence for the Court to conclude that Phillips committed a Grade A violation.

Additionally, the Court finds no sentencing error, as the transcript reveals that Phillips admitted to the violations and agreed with the sentencing recommendation. The transcript of the Show Cause Hearing states in part:

> Mr. Meiners: I believe we've reached a disposition that would resolve both this case and the potential uncharged offenses that the United States at one point was considering indictment. And it's my understanding that based upon Mr. Phillips' admission to the violations contained in the revocation report, the United States would recommend a sentence of 60 months.
> The United States would also represent that no further charges would be brought regarding the underlying activity and that the parties would agree that no supervised release would follow at the conclusion of the confinement sentence.
>
> The Court: Ms. Burns?
>
> Ms. Burns: Judge, that's correct. We continued the hearing for a lengthy time because we were waiting on - - trying to work out whether there would be new charges and waiting on some DNA testing from the crime lab. So that's why it got continued for so long, but what Mr. Meiners has stated is accurate. That is the agreed upon recommendation from the parties.
>
> The Court: Why don't you step up to the podium with your client and let's get him sworn in and see if all parties are in agreement here.
>
> (Defendant sworn).
>
> The Court: All right. Mr. Phillips, you've heard your counsel and the government's counsel indicate an agreement that's been reached on your behalf; is that correct?
>
> The Defendant: That's correct.

>Ms. Burns: That's correct.
>
>The Court: And first you heard it. Now I'm asking you is it your position that you are in agreement with that?
>
>The Defendant: I'm in agreement.
>
>The Court: Okay. Any other nuances of that I should know about, Ms. Burns?
>
>Ms. Burns: Your Honor, no. We had a couple more requests from the court. We would ask you to recommend Rochester because Mr. Phillips had previously been at that institution, and we're also asking the court to consider self-surrender. And he would be able to take the bus to that facility.
>
>Mr. Meiners: We have no objection to either of those requests, Your Honor.

(November 22, 2013 Show Cause Hearing, pp. 1-2). It has been noted that "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154,157 (8th Cir. 1990), (quoting Blackledge v. Allison, 431 U.S. 63,74,97 S.Ct. 1621,1629,52 L.Ed.2d 136 (1977)). Thus, the Court finds that because Phillips admitted his guilt as to these supervised release violations at the Show Cause Hearing, the Court was justified in relying on Phillips' admissions.

Accordingly, for the reasons stated above, the Court hereby **DENIES** Phillips' Motion for Reconsideration (Doc. # 153).

Date: June 29, 2016  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge